1  Philip D. Kohn (State Bar No. 90158)
     City Attorney
2  Mark J. Austin (State Bar No. 208880)
   Glen Worthington (State Bar No. 244507)
3  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
4  Costa Mesa, California 92626-1931
   gworthington@rutan.com
5  Telephone: 714-641-5100
   Facsimile:  714-546-9035
6
   Attorneys for Defendants
7  CITY OF LAGUNA BEACH,
   LAGUNA BEACH POLICE DEPARTMENT
8  CHIEF MICHAEL SELLERS, SERGEANT
   GUY MILLER, SERGEANT JENNY JONES
9  and OFFICER DUSTIN STAAL

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13 | TERRY R. DUNLEVY, an individual; | Case No. SACV 07-00398-JVS (MLGx)
   | KATHLEEN A. DUNLEVY, an
14 | individual,                      | **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**
15 |          Plaintiffs,
16 |     v.                            | [L.R. 56-1]
17 | CITY OF LAGUNA BEACH, a public    | **Hearing:**
   | entity, LAGUNA BEACH POLICE       | Date: October 6, 2008
18 | DEPARTMENT CHIEF MICHAEL          | Time: 1:30 p.m.
   | SELLERS, an individual, SERGEANT  | Dept.: 10-C (Judge Selna)
19 | GUY MILLER, an individual,
   | SERGEANT JENNY JONES, an          | Date Action Filed: April 6, 2007
20 | individual, OFFICER STARL, an     | Trial Date: December 9, 2008
   | individual, AND DOES 1 THROUGH
21 | 10, inclusive,
22 |          Defendants.

23

Rutan & Tucker, LLP
attorneys at law

972/053733-0513
953713.01 a09/09/08

-1-

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

In consideration of the papers filed in support of and in opposition to the Motion for Summary Judgment or Alternatively for Partial Summary Judgment ("Motion") filed by Defendants CITY OF LAGUNA BEACH, LAGUNA BEACH POLICE CHIEF MICHAEL SELLERS, SERGEANT GUY MILLER, SERGEANT JENNY JONES, and OFFICER DUSTIN STAAL (collectively, "Defendants"), and the oral argument of counsel, the Court determines that the following facts have been established as:

## UNCONTROVERTED FACTS

1. Matthew Dunlevy ("Dunlevy") was arrested by Sergeant Guy Miller ("Miller"), Officer Dustin Staal ("Staal"), and Sergeant Jenny Jones ("Jones") in the evening of January 5, 2006. Declaration of Sergeant Guy Miller ("Miller Decl.") ¶ 3-11; Declaration of Sergeant Jenny Jones ("Jones Decl.") ¶¶ 3-9; Declaration of Officer Dustin Staal ("Staal Decl.") ¶¶ 3-8.

2. On January 6, 2006, Dunlevy died while detained in the detoxification cell at the jail facility ("Jail") of the Laguna Beach Police Department ("LBPD") in the City of Laguna Beach ("City"). Jail Video (Def.'s Exh. T); Declaration of Mark J. Austin ("Austin Decl."), ¶ 25; Miller Decl. ¶ 17; Jones ¶ 14; Staal ¶ 14; Declaration of Officer Nicholas Vella ("Vella Decl.") ¶ 8.

3. The cause of Dunlevy's death was "acute intoxication of cocaine and alcohol." The toxicological tests performed on Dunlevy's blood and tissues revealed easily fatal levels of cocaine in Dunlevy's brain and blood, which would have been made even worse by the presence of a high amount of alcohol in his system. Deposition of Dr. Anthony Juguilon ("Juguilon Depo.") 29:10 – 31:1, 36:17-21, 70:22 – 71:5, 72:7 – 78:14, 78:19 – 81:21, 81:22 – 82:6 (Def.'s Exh. A); Autopsy Report (front page) (Def.'s Exh. H); Toxicological Report (Def.'s Exh. J); Declaration Dr. Charles V. Wetli ("Wetli Decl.") ¶¶ 5-8; Dr. Wetli's Expert Report, pp. 2-3 (Def.'s Exh. M); Declaration of D. Jeffrey D. Ho ("Ho Decl.") ¶ 5; Dr. Ho's Expert Report, pp. 17-18 (Def.'s Exh. O); Deposition of Ines Collison ("Collison

1 | Depo.") 61:11 – 64:15, 77:19 – 79:5, 86:16 – 87:17, 95:4 – 96:12 (Def.'s Exh. B);
2 | Deposition of Teresa Baise ("Baise Depo.") 28:15 – 29:12, 30:5-33:1, 45:22 – 46:24
3 | (Def.'s Exh. C); Deposition of Qui Dang ("Dang Depo.") 23:23 – 24:15, 25:17 –
4 | 29:10 (Def.'s Exh. D).

5     4. The high levels of cocaine in Dunlevy's system came from a cocaine bindle in Dunlevy's stomach, which Dunlevy must have swallowed some time prior to his arrest. The autopsy and the toxicological tests revealed the presence of an empty cellophane bindle in Dunlevy's stomach, along with approximately 250 milligrams of cocaine. Juguilon Depo. 59:14 – 62:6, 105:7 – 107:2, 113:20 – 114:4, 116:1 – 118:14, 122:18 – 123:9, 146:15 – 147:4, 152:12 – 155:1, 160:16-19, 163:22 – 164:3; Wetli Decl. ¶¶ 5-8; Dr. Wetli's Expert Report, pp. 2-3 (Def.'s Exh. M); Ho Decl. ¶ 5; Dr. Ho's Expert Report, pp. 17-18 (Def.'s Exh. O); Toxicological Report (Def.'s Exh. J); Collison Depo. 79:6-22; Baise Depo. 32:17-22.

    5. Dunlevy died within a very short time (likely less than 20 minutes) of being exposed to the large amount of cocaine in the bindle in his stomach. He died within only a few minutes of showing any observable symptoms of a drug overdose, such as a seizure. Jail Video; Austin Decl. ¶ 25; Wetli Decl. ¶¶ 5-8; Dr. Wetli's Expert Report, pp. 2-3 (Def.'s Exh. M); Ho Decl. ¶ 5; Dr. Ho's Expert Report, pp. 17-18 (Def.'s Exh. O); Juguilon Depo. 59:14 – 62:6, 105:7 – 107:2, 113:20 – 114:4, 116:1 – 118:14, 122:18 – 123:9, 146:15 – 147:4, 152:12 – 155:1, 160:16-19, 163:22 – 164:3; Toxicological Report (Def.'s Exh. J); Collison Depo. 79:6-22; Baise Depo. 32:17-22

    6. Dunlevy did not die from any force that was applied to him during his arrest, including from the use of a Taser or any alleged beating. Juguilon Depo. 37:15 – 42:25, 45:6-22, 96:22 – 98:13, 101:10-21; Autopsy Report; Ho Decl. ¶ 5; Dr. Ho's Expert Report (Def.'s Exh. O); Jail Video; Austin Decl. ¶ 25; Metzler Decl. ¶ 6.

    7. None of the Defendant police officers (Miller, Jones, Staal, and Sellers)

were aware at any time prior to Dunlevy's death that Dunlevy had swallowed a cocaine bindle or that Dunlevy had any serious medical needs. Miller Decl. ¶ 18; Staal Decl. ¶ 15; Jones Decl. ¶ 15; Sellers Decl. ¶ 3.

8. Miller, Jones, and Staal helped arrest Dunlevy and place him in the detoxification cell. During this period, Dunlevy's behavior was consistent with that of an intoxicated individual, and there was nothing about that behavior that suggested a "serious medical need." Moreover, Dunlevy expressly denied that he had taken any illegal drugs or that he had any other issues that the officers needed to be aware of. Miller Decl. ¶ 15; Jones Decl. ¶ 12; Vella Decl. ¶ 6. Between the time that Dunlevy was placed in the detoxification cell and the time Dunlevy's body was found, the three arresting officers had no interaction with Dunlevy, and thus no further reason to suspect that Dunlevy had any serious medical needs. Miller Decl. ¶¶ 17-18; Staal Decl. ¶¶ 14-15; Jones Decl. ¶¶ 14-15. At no time did any of these officers find any drug-related paraphernalia on Dunlevy. Miller Decl. ¶ 18; Staal Decl. ¶ 15; Jones Decl. ¶ 15.

9. Sellers was off-duty on the night of the Dunlevy incident, and had no knowledge of Dunlevy whatsoever until after he had died. Sellers Decl. ¶ 3.

10. The fatal cocaine bindle in Dunlevy's stomach would not have been revealed through any form of routine medical screening. Juguilon Depo. 159:11-21; Wetli Decl. ¶ 8; Dr. Wetli's Expert Report, p. 3 (Def.'s Exh. M).

11. Dunlevy did not suffer, and Plaintiffs Terry Dunlevy and Kathleen Dunlevy ("Plaintiffs") do not claim that Dunlevy suffered, any economic damages—*e.g.*, damages to Dunlevy's personal property, medical expenses, lost wages, etc.—as a result of any of the conduct of Defendants in this case. Deposition of Kathleen Dunlevy, 100:25 – 101:10, 102:1 – 104:12 (Def.'s Exh. E); Deposition of Terry Dunlevy, 170:8 – 171:17 (Def.'s Exh. F); Plaintiffs' Discovery Responses (Def.'s Exhs. P and Q).

12. The force applied by Miller, Jones, and Staal in arresting Dunlevy was

Rutan & Tucker, LLP
attorneys at law

972/053733-0513
953713.01 a09/09/08

-4-

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

reasonable under the circumstances. The evidence shows that Dunlevy resisted the officers' efforts to restrain him and remove him from the White House Restaurant and Bar, by pulling away, placing his hands in his pockets, and refusing to be handcuffed. In response to this resistance, the officers first applied mild physical force, such a wrist hold and efforts to force Dunlevy's arms into a position to be handcuffed. Only when these efforts failed did Miller apply a TASER as a compliance technique. These efforts were successful in getting Dunlevy under control, and averted any potential danger to both the officers and Dunlevy, causing only "superficial" injuries to Dunlevy in the process. Miller Decl. ¶¶ 3-10; Staal Decl. ¶¶ 3-8; Jones Decl. ¶¶ 3-7.

Based on the foregoing Uncontroverted Facts, the Court now makes its:

## CONCLUSIONS OF LAW

1. No amount of force applied to Dunlevy by Miller, Jones, Staal, or Sellers caused or contributed to Dunlevy's death.

2. Neither Miller, Jones, Staal, nor Sellers is liable for Dunlevy's death under a theory of "excessive force" under the Fourth Amendment.

3. Because no individual Defendant officer is liable for Dunlevy's death under a theory of "excessive force" under the Fourth Amendment, the City and any alleged supervisor are also not liable for Dunlevy's death under such a theory. *City of Los Angeles v. Heller*, 475 U.S. 796, 799; *Watkins v. City of Battle Creek*, 273 F.3d 682, 687; *Garcia v. Santa Clara County*, 2004 U.S. Dist. LEXIS 20391, *27-28 (N.D. Cal.).

4. Neither Miller, Staal, Jones, nor Sellers was deliberately indifferent to Dunlevy's serious medical needs.

5. Any alleged failure by the Defendant officers to perform a medical screen on Dunlevy did not cause Dunlevy's death, for no routine medical screen would have revealed the presence of the fatal cellophane bindle in Dunlevy's

stomach.

6. Any alleged failure by the Defendant officers to summon medical aid for Dunlevy did not cause Dunlevy's death, for, due to the rapid nature of his death, even if medical aid was summoned at the first sign of symptoms, it would not have made a difference.

7. Neither Miller, Jones, Staal, nor Sellers is liable for Dunlevy's death under a theory of "lack of adequate medical care" under the Fourteenth Amendment.

8. Because no individual Defendant officer is liable for Dunlevy's death under a theory of "lack of adequate medical care" under the Fourteenth Amendment, the City and any alleged supervisor are also not liable for Dunlevy's death under such a theory. *Heller*, 475 U.S. at 799; *Watkins*, 273 F.3d at 687; *Garcia*, 2004 U.S. Dist. LEXIS 20391, *27-28.

9. Because Defendants did not cause Dunlevy's death by virtue of any unconstitutional conduct, Plaintiffs are not entitled, under a survivorship theory, to recover damages greater than those allowed under California law. *Garcia v. Superior Court*, 42 Cal.App.4th 177, 183-84 (1996); *see, e.g., Guyton v. Phillips*, 532 F.Supp. 1154, 1165-66, 1167-68 (N.D. Cal. 1981).

10. The only damages recoverable under a survivorship theory under California law are economic damages suffered by the decedent, such as damages to Dunlevy's personal property, medical expenses, and lost wages. CAL. CODE CIV. PROC. CODE § 377.34; *Garcia*, 42 Cal.App.4th at 182, n.4; *Pease v. Beech Aircraft Corp.*, 38 Cal.App.3d 450, 459 (1974); *Stencel Aero Eng'g Corp. v. Superior Court*, 56 Cal.App.3d 978, 985 (1976).

11. Because Plaintiffs have alleged no recoverable damages for their survivorship claim, that claim fails as against all Defendants.

12. Because the amount of force applied by Miller, Jones, and Staal in arresting Dunlevy was reasonable under the circumstances (and because Seller was not involved in Dunlevy's arrest at all), none of the individual Defendants is liable

under Plaintiffs' survivorship claim based on a theory that "excessive force" was applied to Dunlevy under the Fourth Amendment.

13. Because none of the individual Defendants was deliberately indifferent to Dunlevy's serious medical needs, none of these Defendants is liable under Plaintiffs' survivorship claim based on a theory that Defendants failed to provide adequate medical care to Dunlevy under the Fourteenth Amendment.

14. Because no individual Defendant officer is liable under Plaintiffs' survivorship claim, the City and any alleged supervisor are also not liable under that claim. *Heller*, 475 U.S. at 799; *Watkins*, 273 F.3d at 687; *Garcia*, 2004 U.S. Dist. LEXIS 20391, *27-28.

15. [Alternatively:] The individual Defendant officers are entitled to qualified immunity on all claims to the extent they are premised on a theory of "excessive force" under the Fourth Amendment.

16. [Alternatively:] The individual Defendant officers are entitled to qualified immunity on all claims to the extent they are premised on a theory that Defendants failed to provide adequate medical care to Dunlevy under the Fourteenth Amendment.

Dated: _____

Hon. James V. Selna
District Court Judge

SUBMITTED BY:

Dated: October 9, 2008

RUTAN & TUCKER, LLP

By: _____
Mark J. Austin
Attorneys for Defendants CITY OF LAGUNA BEACH, CHIEF MICHAEL SELLERS, SERGEANT GUY MILLER, SERGEANT JENNY JONES, and OFFICER DUSTIN STAAL